# United States District Court
## for the
## Eastern District of Pennsylvania

| | | |
|---|---|---|
| ZS Associates, Inc and ZS Associates International, Inc. | ) | |
| | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-4274 |
| | ) | |
| Synygy, Inc. | ) | |
| | ) | |
| Defendant | ) | |

## DEFENDANT'S RULE 7.1 DISCLOSURE STATEMENT

Pursuant to Federal Rule of Civil Procedure 7.1, Defendant Synygy, Inc. states the following:

Synygy, Inc. is a privately held corporation organized under the laws of the state of Pennsylvania and has no parent corporation nor does any publicly held corporation own 10% or more of its stock.

Respectfully submitted,

**SWEENEY & SHEEHAN**

By: _____
Dennis Platt
Attorney for Defendant,
Synygy, Inc.
PA Identification No. 34497
19th Floor, 1515 Market Street
Philadelphia, PA 19102
PHONE: (215) 563-9811
FAX: (215) 557-0999
dennis.platt@sweeneyfirm.com

DATE: 11/12/10

# United States District Court
## for the
## Eastern District of Pennsylvania

| | | |
|---|---|---|
| ZS Associates, Inc and ZS Associates International, Inc. | ) | |
| | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-4274 |
| | ) | |
| Synygy, Inc. | ) | |
| | ) | |
| Defendant | ) | |

## ORDER

**AND NOW**, on this      day of         , 2010, upon consideration of

Defendant's Motion to Dismiss for Failure to State a Claim, and for good cause shown, it

is hereby **ORDERED** that the Motion is **GRANTED** and the Complaint is dismissed

with prejudice.

### BY THE COURT:

_____
                                               **J.**

Date:  11/12/10

# United States District Court
## for the
## Eastern District of Pennsylvania

| | | |
|---|---|---|
| ZS Associates, Inc and ZS Associates<br>International, Inc. | ) | |
| | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-4274 |
| | ) | |
| Synygy, Inc. | ) | |
| | ) | |
| Defendant | ) | |

### DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(b)(6)
### FOR FAILURE TO STATE A CLAIM

Defendant Synygy, Inc. respectfully requests this Honorable Court to dismiss the complaint of ZS Associates, Inc and ZS Associates International, Inc. and in support thereof states:

1.    Defendant Synygy, Inc. filed a complaint against plaintiff ZS Associates, Inc and ZS Associates International, Inc. on August 27, 2207 under docket 07-3536.

2.    The complaint contained, *inter alia*, allegations of copyright infringement and misappropriation of intellectual property.

3.    The complaint against plaintiff was dismissed on April 23, 2008 by the Honorable Thomas N. O'Neill.

4.    One June 23, 2009, the Third Circuit reinstated the complaint.

5.    On August 5, 2009, defendant filed an amended complaint against ZS Associates, Inc. and ZS Associates International, Inc. claiming, *inter alia*, copyright infringement and misappropriation of intellectual property.

6.    Defendant issued a press release on its website on August 6, 2009 outlining the nature of the amended complaint, the claims made, and the relief sought along with a quote from defendant's president, Mark Stiffler.  See attached hereto as exhibit "A" copies of defendant's press release.

7    The press release was republished in its entirety on several other websites such as Reuters, Yahoo Finance, and Intellectual Property Today.  See attached hereto as exhibits "B", "C", and "D", copies of the release published by Reuters, Yahoo Finance, and Intellectual Property Today.

8.    Plaintiff filed a reply to the press release disclaiming defendant's assertions on August 8, 2009.

9.    On November 20, 2009, plaintiff wrote a letter to defendant requesting that defendant remove the article from its website.

10.    On August 20, 2010, plaintiff filed suit claiming defamation, commercial disparagement, and violations of Lanham Act, 15 U.S.C. 1125 (a)(1)(B).

11.    The complaint in this matter avers that the press release, attached and filed along with the complaint, contained statements and implications which were false and misleading which were injurious to plaintiff's reputation and business identity.

12.    The case filed under docket number 07-3536 is still ongoing.

13.    The complaint in this action fails to state a claim upon which relief can be granted because the statements contained in the alleged defamatory document are protected by the fair reporting privilege.

14.     The complaint fails to state a claim upon which relief can be granted because the claims are compulsory counter-claims which should have been filed under docket number 07-3536.

15.     The facts, arguments, and authorities set forth in the accompanying brief are incorporated herein by reference as though fully set forth at length.

**WHEREFORE,** Defendants, Synygy, Inc., prays this Honorable Court for an Order dismissing the Complaint with prejudice.

Respectfully submitted,

**SWEENEY & SHEEHAN**

By: _____

Dennis Platt
Attorney for Defendant,
Synygy, Inc.
PA Identification No. 34497
19th Floor, 1515 Market Street
Philadelphia, PA 19102
PHONE:  (215) 563-9811
FAX:  (215) 557-0999
dennis.platt@sweeneyfirm.com

DATE:  11/12/10

# United States District Court
## for the
## Eastern District of Pennsylvania

| | | |
|---|---|---|
| ZS Associates, Inc and ZS Associates International, Inc. | ) ) ) | |
| Plaintiff(s) | ) ) | |
| v. | ) ) | Civil Action No. 10-4274 |
| Synygy, Inc. | ) ) ) | |
| Defendant | ) | |

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

### I.    STATEMENT OF FACTS

Defendant Synygy, Inc. filed an amended complaint under docket number 07-3536 against plaintiff ZS Associates in August 5, 2009 claiming, *inter alia*, copyright infringement and misappropriation of intellectual property.[1]  In conjunction with the filing of the amended complaint in that action, defendant issued a press release outlining the nature of the complaint, the claims made, and the relief sought.  The article contained a quote from defendant's president, Mark Stiffler.  See exhibit "A."  It was published on defendant's website on August 6, 2009 and was republished in its entirety on several other websites such as Reuters, Yahoo Finance, and Intellectual Property Today.  See exhibits "B", "C", and "D."

Plaintiff replied to the press release through similar news outlets as defendant's press release disclaiming defendant's assertions on August 8, 2009.  On November 20,

---

[1] The original complaint under docket number 07-3536 was filed on August 27, 2007 and was dismissed on April 23, 2008.  The dismissal was reversed by the Third Circuit on June 23, 2009.  The initial complaint in that action set forth allegations of copyright infringement and misappropriation of intellectual property.

2009, plaintiff wrote a letter to defendant requesting that defendant remove the article from its website. On August 20, 2010, plaintiff filed suit claiming defamation, commercial disparagement, and violations of Lanham Act, 15 U.S.C. 1125 (a)(1)(B). The complaint avers that the press release contained statements and implications which were false and misleading which were injurious to plaintiff's reputation and business identity. Plaintiff seeks compensatory damages, an injunction, and punitive damages.

## II.    LEGAL ARGUMENT

Defendant moves to dismiss plaintiff's claims under Fed. R. Civ. P. 12(b)(6). A complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense like the statute of limitations or qualified privilege appears on the face of the pleadings. See Jones v. Bock, 549 U.S. 199, 215 (2007)("[i]f the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim") and ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994)(a complaint may be subject to dismissal "when an affirmative defense….appears on [the complaint's] face).

The reviewing court must consider only those facts alleged in the complaint and accept them as true. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) and Rocks v. Philadelphia, 868 F.2d 644, 645 (3d Cir.1989). However, the Court should not accept as true any "bald assertions or legal conclusions." Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir.1997). The Court may also consider exhibits which were referenced and attached to the complaint. See Fed.R.Civ.P. 10(c)("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes") and Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d.

Cir.1993)(the Court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document"), cert. denied, 510 U.S. 1042 (1994).

In this matter, based on the allegations in the complaint and documents attached, it is clear that grounds exist for dismissal of the complaint.  It is apparent that the statements made were nothing more than recounting of allegations contained in the filed and public complaint.  Therefore, the press release is covered by the fair reporting privilege and plaintiff's complaint must be dismissed in its entirety.  Furthermore, the lawsuit at issue should never have been filed as a separate matter as it is a compulsory counterclaim which should have been filed with plaintiff's answer in the first lawsuit.

A. **THE COMMUNICATIONS MADE IN THE PRESS RELEASE ARE SUBJECT TO QUALIFIED PRIVILEGE UNDER THE FAIR REPORTING PRIVILEGE AND THEREFORE PLAINTIFF'S DEFAMATION AND COMMERCIAL DISPARAGEMENT CLAIMS SHOULD BE DISMISSED.**

1. Analysis of Law of Defamation [2]

Plaintiff's complaint sounds in defamation which is "the tort of detracting from a person's reputation, or injuring a person's character, fame or reputation, by false and malicious statements."  Mzamane v. Winfrey, 693 F.Supp.2d 442, 476 (E.D. Pa. 2010) citing Joseph v. Scranton Times L.P., 959 A.2d 322, 334 (Pa. Super. 2008).  A defamatory statement must "blacken a person's reputation or expose him to public hatred,

---

[2] All three claims in the Defamation Action arise from the statements made in the Press Release and their alleged negative impact on the reputation of ZS.  The Fair Report Privilege is a defense to both the defamation claim and the claim for commercial disparagement.  It would not technically be defense to the Lanham Act claim.  "An action under the Lanham Act is distinct from one for mere commercial disparagement and defamation because 'it is not a cause of action for maligning the company itself, but rather a remedy for misrepresentation in advertising about a particular product or commercial service."  Synthes v. Globus Medical, Inc., 2005 U.S. Dist. LEXIS 19962 (E.D. Pa. 2005) quoting Synygy v. Scott-Levin, Inc., 51 F.Supp. 2d 570 (E.D. Pa. 2005).  Where statements are directed at the company, there is no claim for a violation of the Lanham Act.  Id.  That is the case here.

contempt, or ridicule, or injure him in his business or profession." Id. at 477.  A

statement which merely annoys or embarrasses a person "is not sufficient as a matter of

law to create an action in defamation." Wilson v. Slatalla, 970 F. Supp. 405, 415 (E.D.

Pa. 1997).  The injury to reputation is "judged by the reaction of other persons in the

community and not by the party's self-estimation.'" Id. at 415 *citing* Dougherty v.

Boyertown Times, 377 Pa. Super. 462, 472-473 (Pa. Super. 1988).

The plaintiff must prove "(1) the defamatory character of the communication; (2)

its publication by the defendant; (3) its application to the plaintiff; (4) the understanding

by the recipient of its defamatory meaning; (5) the understanding by the recipient of it as

intended to be applied to the plaintiff; (6) special harm resulting to the plaintiff from its

publication; and (7) abuse of a conditionally privileged occasion." Wilson, supra, 970 F.

Supp. at 415 *citing* 42 Pa.C.S.A. § 8343(a).  Once established, the defendant may attempt

to prove, as a defense, "the truth of the defamatory communication, the privileged

character of the occasion on which it was published, [or] the character of the subject

matter of defamatory comment as of public concern." Mzamane, supra, 693 F.Supp.2d at

477 *citing* 42 Pa.C.S.A. § 8343(b).

> 2.     Use of the Fair Reporting Privilege as a Defense to Defamation
>         and Commercial Disparagement Claims

A defendant who claims their statement is covered by a privilege must show that

"the communication must have been 'made upon a proper occasion, from a proper

motive, in a proper manner and based upon reasonable and probable cause.'" American

Future Systems, Inc. v. Better Business Bureau of Eastern Pennsylvania, 592 Pa. 66, 78,

923 A.2d 389, 396 (Pa. 2007) *quoting* Dempsky v. Double, 386 Pa. 542, 546-547, 126

A.2d 915, 917 (1956).

All attorneys and parties have an absolute privilege for statements made in a judicial proceeding. Doe v. Kohn, Nast & Graf, P.C., 866 F.Supp. 190, 194 (E.D. Pa. 1994). The absolute privilege does not extend to out of court statements or press releases but an individual may invoke "a qualified, or conditional, privilege...if those statements are a fair and accurate report of statements made or pleadings filed in a judicial proceeding" Id. The privilege applies "[s]o long as the account presents a fair and accurate summary of the proceedings." Wilson, supra, 970 F. Supp. at 419 *quoting* Medico v. Time, Inc., 643 F.2d 134, 137-138 (3rd Cir. 1981). The report does not have to be a verbatim transcription of the proceeding but there must be substantial accuracy. Sciandra v. Lynett, 409 Pa. 595, 600 (1963). The article cannot be published solely for the purpose of causing harm to the defamed person. Binder v. Triangle Publications Inc., 442 Pa. 319, 324 (1971).

Although the fair report privilege was initially crafted to protect newspapers and other press and media defendants, it now "'extends to any person who makes an oral, written or printed report to on (sic) the information that is available to the general public.'" Wilson, supra, 970 F. Supp at 418 *quoting* Restatement (Second) of Torts § 611, Comment (c). In Friedman v. Israel Labour Party, 957 F. Supp. 701, 712 (E.D. Pa. 1997) *quoting* Cowley v. Pulsifer, 137 Mass. 392, 394 (1884), the Court described the need for expanding the fair reporting privilege's scope:

> The privilege is justified by the security which publicity gives for the proper administration of justice...It is desirable that the trial of causes should take place under the public eye, not because controversies of one citizen with another are of public concern, but because it is of the highest moment that those who administer justice

> should always act under the sense of public
> responsibility and that every citizen should
> be able to satisfy himself with his own eyes
> as to the mode in which a public duty is
> performed.

To that end, the Court held that the "publisher of an account of an open proceeding" acts

as an agent for those people would could attend the proceeding and seen for themselves

what transpired.  Friedman, 957 F. Supp. at 712 *citing* Medico v. Time, Inc., 643 F.2d

134 (3rd Cir. 1981).

A defamation claim cannot be based upon stylization of terms used in the retelling

of the proceeding.  Tucker v. Philadelphia Daily News, 757 A.2d. 938, 946 (Pa. Super.

2000).  Courts in the Third Circuit have employed the "gist" or "sting" test for the

purpose of evaluating whether the Fair Report Privilege has been violated.  Pursuant to

the "gist" or "sting" test:

> A statement is substantially accurate if its
> 'gist' or 'sting' is true, that is, if it produces
> the same effect of the mind of the recipient
> which the precise truth would have
> produced.  If the reader could conclude that
> the allegedly defamatory publication carries
> with it a materially greater 'sting,' then the
> fair report privilege has been abused and is
> thus forfeited.  The plaintiff may also prove
> that the privilege was abused by showing
> that the account was abused by showing that
> the account was published solely for the
> purpose of causing harm to the person
> defamed.

Wilson, 970 F. Supp at 418 (internal citations and quotations omitted).

In Doe, the plaintiff alleged that the defendant issued several press statements

regarding his erratic work attendance, lack of commitment, and improper conduct.  Doe,

supra, 866 F.Supp. at 193-194.  These statements were made to the Philadelphia press,

national legal publications, and local television stations. Id. The Court discussed the "incongruous result" of allowing a party to file a complaint and then make statements to the media about a case but punishing a defendant for making their claims known in the media simply because the physical piece of paper containing the allegations was not filed. Id. at 195. ("I find defendants' statements to be fair comment on the legal proceeding, and fairly within defendants' First Amendment rights to speak to the cause of action with pecuniary impunity.")

In Binder, plaintiff sued a newspaper after it published an article detailing the first day of a murder trial involving a sordid love triangle which ended in the death of one of the members. Binder, supra, 442 Pa. at 327. The paper reported that the discussion of the triangle was bizarre. Id. Plaintiff sued the paper claiming the use of the word bizarre was defamatory. The Court disagreed holding that the factual circumstances were unique and peculiar enough to justify the use of the word even if it was flippant or done to attract more reader interest. Id.

In this present matter, the press release was nothing more than a retelling of the first complaint and subsequent amended complaint. In fact, a comparison of the press release and the allegations in the Amended Complaint demonstrates that the press release was artfully crafted to summarize the Amended Complaint, which is a public document. With regard to the "gist" or "sting" test described above, it is clear that, at a minimum, the Press Release would have the exact same "gist" or "sting" as the Amended Complaint, if not substantially less. If there is any divergence between the two, the Amended Complaint contains substantially more allegations, and allegations of more egregious conduct against the plaintiffs.

Appended to this motion is exhibit "E" which is a side by side analysis of the press release and allegations contained the first Amended Complaint. The first and second paragraphs announce the lawsuit and outline the causes of action doing no more that reciting several paragraphs of the fact section of the complaint. The third paragraph mirrors the relief sought section of the complaint almost verbatim. The fourth and fifth paragraph are taken from quote by the president of defendant discussing the work which went into building the company, the commitment to protecting the company's investment, and contentions which the complaint states. There is no outlandish or purposely false information present in the release. There was a filed complaint which contained all the allegations made in the release available for any member of the public to obtain. The first amended complaint was filed three days after which added new parties and claims against those new parties. The communications are privileged and therefore the complaint should be dismissed in its entirety.

**B.   THE CLAIMS MADE IN THIS LAWSUIT ARE COMPULSORY COUNTERCLAIMS WHICH SHOULD HAVE BEEN FILED WITH THE FIRST LAWSUIT.**

Federal Rule of Civil Procedure 13 states that a counterclaim which "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" and "does not require adding another party over whom the court cannot acquire jurisdiction" is compulsory. Fed.R.Civ.P. 13(a)(1)(A) and (B). "Courts and commentators agree that for the purpose of determining whether a counterclaim is compulsory, the phrase 'transaction or occurrence' should be liberally construed." Linker v. Custom-Bilt Machinery, Inc., 594 F.Supp. 894, 900 (E.D. Pa. 1984). "The Court of Appeals for the Third Circuit has held that the 'transaction or occurrence' test is satisfied whenever a

counterclaim bears a 'logical relationship' to the plaintiff's claim." Id. citing Great Lakes Rubber Corp. v. Herbert Cooper Co., 286 F.2d 631, 634 (3rd Cir. 1961).

The Third Circuit furthered the analysis of Rule 13 by also reviewing if the counterclaim involves many of the same factual issues as the plaintiff's claim, is an offshoot of the same basic controversy, or would be barred under the doctrine of res judicata if the defendant tried to bring the counterclaim as a subsequent suit. See Beard v. Braunstein, 914 F.2d 434, 442 n. 13 (3d Cir.1990)(quoting Great Lakes Rubber Corp. v. Herbert Cooper Co., 286 F.2d 631, 634 (3d Cir.1961). Failure to properly plead a counterclaim may result in its dismissal. Sun Shipbuilding & Dry Dock Co. v. Virginia Elec. & Power Co., 69 F.R.D. 395 (E.D. Pa. 1975)(dismissing pending action due to previously filed matter in Virginia).

Courts in the Eastern District of Pennsylvania have recognized that a cause of action based on allegedly defamatory statements is a compulsory counterclaim. See Sun Shipbuilding & Dry Dock Co., supra, 69 F.R.D. 395; Linker, supra, 594 F.Supp. at 900; Giordano v. Claudio, 714 F.Supp.2d 508 (E.D. Pa. 2010)

It is axiomatic that this current lawsuit bears a "logical resemblance" to the earlier filed matter because the very claims stem from defendant's allegations and press releases concerning the earlier lawsuit. The suit involves the same parties, basic controversy, and stems from the subject matter of the litigation. The press release, which plaintiff claims contains defamatory statements, constantly references the first lawsuit throughout the complaint. It would be a waste of judicial resources to allow this lawsuit to proceed on its own accord while generating duplicitous litigation expenses. Therefore, the Court must dismiss this action as improper for violating Fed.R.Civ.P. 13(a)(1)(A) and (B).

## III.   **CONCLUSION**

For the above stated reasons, defendant respectfully requests that this Court

dismiss plaintiff's complaint for failure to state a claim pursuant to Rule 12(b)(6).

Respectfully submitted,

**SWEENEY & SHEEHAN**

By: _____

Dennis Platt
Attorney for Defendant,
Synygy, Inc.
PA Identification No. 34497
19th Floor, 1515 Market Street
Philadelphia, PA 19102
PHONE:  (215) 563-9811
FAX:  (215) 557-0999
dennis.platt@sweeneyfirm.com

DATE:  11/12/10

# United States District Court
## for the
## Eastern District of Pennsylvania

| | |
|---|---|
| ZS Associates, Inc and ZS Associates International, Inc. | ) ) ) |
| Plaintiff(s) | ) ) |
| v. | ) ) ) Civil Action No. 10-4274 |
| Synygy, Inc. | ) ) ) |
| Defendant | ) |

### CERTIFICATION OF SERVICE

I, Dennis Platt, do hereby certify that a true and correct copy of Defendant

Synygy, Inc.'s Motion to Dismiss for Failure to State a Claim was electronically filed

with the Court on November 12, 2010 and served upon my adversary via First-Class Mail

at the following address:

> Diane Siegel Danoff
> Dechert Price & Rhoads
> Cira Centre
> 2929 Arch Street
> Philadelphia, PA 19103

By: Dennis Platt
Attorney for Defendant,
Synygy, Inc.
PA Identification No. 34497
19th Floor, 1515 Market Street
Philadelphia, PA 19102
PHONE: (215) 563-9811
FAX: (215) 557-0999
dennis.platt@sweeneyfirm.com

DATE: 11/12/10

EXHIBIT A

Synygy Files Lawsuit Against ZS Associates for Copyright Infringement and Misappropriation of Intellectual Property – Synygy   Page 1 of 3

**SYNYGY.**
Sales Performance. Delivered.

Home | **Blog** | Support | Careers | Locations | Contact          search

| Sales Compensation Management | Sales Performance Management | Educational Resources | News and Events | Company |

Home » News and Events » Synygy Files Lawsuit Against ZS Associates for Copyright Infringement and Misappropriation of Intellectual Property

# Synygy Files Lawsuit Against ZS Associates for Copyright Infringement and Misappropriation of Intellectual Property

**Chester, Pa., August 6, 2009**—Synygy Inc., the largest and most experienced provider of sales performance management (SPM) solutions, today announced it has filed a lawsuit against ZS Associates of Evanston, IL, alleging copyright infringement, misappropriation of intellectual property, and theft of trade secrets.

The complaint, filed in the District Court of Eastern Pennsylvania, alleges that ZS Associates and its affiliate, ZS Associates International, knowingly and improperly copied and misappropriated components of Synygy's sales compensation software and other intellectual property, and in addition, intentionally hired former Synygy employees, despite knowing about the existence of their non-compete agreements with Synygy, to gain access to confidential information acquired during their tenure with Synygy.

Synygy seeks relief including:

- judgment that ZS infringed Synygy's copyrights
- injunction that prohibits ZS from continued use of Synygy's software and other intellectual property
- injunction from luring and/or hiring employees of Synygy or its affiliates
- judgment for actual and compensatory damages for loss of revenue, profit, and company valuation
- punitive damages for acts of willful infringement

"Synygy created the market for sales compensation management (SCM) software and services more than 18 years ago," said Mark A. Stiffler, Synygy president and CEO. "We have invested many years and a lot of money in product development, which led to Synygy creating the SCM software that has propelled our success year after year. Our intellectual property is a very valuable asset and we are firmly committed to protecting it," he said.

Welcome **Guest**
(if you are registered then login)

**REQUEST INFORMATION**

eBook U
CHAPTER 1

Ensuring Strategic
Alignment of Variabl
Compensation Plans

DOWNLOAD

AUG-25-2010  16:32                                                                                                      P.14

"The lawsuit we filed today contends that ZS knowingly copied our software and other confidential information with the intent to use our intellectual property in direct competition with us. Our position is that ZS continues to use our software and other confidential information, causing us to lose substantial revenue, profit, and company valuation, while they profit from its use," continued Stiffler. "There is no way we can fully recover what we have lost from what we contend was deliberate and malicious misconduct, but we urge the Court to restrain ZS from continuing to infringe on our intellectual property and to award Synygy damages as the Court deems appropriate."

**About Synygy**

Synygy is the largest and most experienced provider of sales performance management (SPM) software and services. Synygy's SPM solutions include: sales compensation (incentive compensation, rewards and recognition, and total compensation); sales communications (web portals, reports and dashboards, and analytics, alerts, and answers); sales goals (territories and channels, forecasting and pipeline analyses, and objectives and quotas); and sales processes (reviews, recruiting and training, data repository and data processes, and workflow processes). Based in Chester, Pennsylvania, with extensive operations in Europe and Asia, Synygy has achieved 18 continuous years of success. www.synygy.com

BOOKMARK AND SHARE US

NETWORK WITH US

QUICK LINKS

eBrief | Glossary | Privacy Policy | Careers | Site Map | Feeds | Subscribe

Synygy is the largest and most experienced provider of sales performance management (SPM) software and services. These include SPM solutions for: sales compensation management (incentive compensation; rewards and recognition; and total compensation); sales communications management (sales portals; reports, dashboards, and analytics; and analysis, alerts, and answers); sales goal management (territories and channels; quotas and objectives; and pipeline analysis and forecasting); and sales process management (recruiting, evaluating, and training; data repository and data processes; and workflow processes).

© 2010, Synygy, Inc. All rights res

Syngy Files Lawsuit Against ZS Associates for Copyright Infringement and Misappropriation of Intellectual Property - Synygy     Page 3 of 3

Sales Compensation Management | Sales Performance Management | Educational Resources | News and Events | Company

http://www.synygy.com/synygy-files-lawsuit-against-zs-associates-for-copyright-infringement-and-misappropriation-of-intellec...     8/19/2010

EXHIBIT B

10/14/2009                    Synygy Files Lawsuit Against ZS Associ...


 **REUTERS**

Print | Close this window

# Synygy Files Lawsuit Against ZS Associates for Copyright Infringement and Misappropriation of Intellectual Property

Thu Aug 6, 2009 1:20pm EDT

CHESTER, Pa.--(Business Wire)--
Synygy Inc., the largest and most experienced provider of sales performance management (SPM) solutions, today announced it has filed a lawsuit against ZS Associates of Evanston, IL, alleging copyright infringement, misappropriation of intellectual property, and theft of trade secrets.

The complaint, filed in the District Court of Eastern Pennsylvania, alleges that ZS Associates and its affiliate, ZS Associates International, knowingly and improperly copied and misappropriated components of Synygy's sales compensation software and other intellectual property, and in addition, intentionally hired former Synygy employees, despite knowing about the existence of their non-compete agreements with Synygy, to gain access to confidential information acquired during their tenure with Synygy.

Synygy seeks relief including:

* judgment that ZS infringed Synygy's copyrights
* injunction that prohibits ZS from continued use of Synygy's software and other intellectual property
* injunction from luring and/or hiring employees of Synygy or its affiliates
* judgment for actual and compensatory damages for loss of revenue, profit, and company valuation
* punitive damages for acts of willful infringement

"Synygy created the market for sales compensation management (SCM) software and services more than 18 years ago," said Mark A. Stiffler, Synygy president and CEO. "We have invested many years and a lot of money in product development, which led to Synygy creating the SCM software that has propelled our success year after year. Our intellectual property is a very valuable asset and we are firmly committed to protecting it," he said.

"The lawsuit we filed today contends that ZS knowingly copied our software and other confidential information with the intent to use our intellectual property in direct competition with us. Our position is that ZS continues to use our software and other confidential information, causing us to lose substantial revenue, profit, and company valuation, while they profit from its use," continued Stiffler. "There is no way we can fully recover what we have lost from what we contend was deliberate and malicious misconduct, but we urge the Court to restrain ZS from continuing to infringe on our intellectual property and to award Synygy damages as the Court deems appropriate."

About Synygy

Synygy is the largest and most experienced provider of sales performance management (SPM) software and services. Synygy's SPM solutions include: sales compensation (incentive compensation, rewards and recognition, and total compensation); sales communications (web portals, reports and dashboards, and analytics, alerts, and answers); sales goals (territories and channels, forecasting and pipeline analyses, and objectives and quotas); and sales processes (reviews, recruiting and training, data repository and data processes, and workflow processes). Based in Chester, Pennsylvania, with extensive operations in Europe and Asia, Synygy has achieved 18 continuous years of success. www.synygy.com

Synygy Inc.
Sue St. Laurent, 610-494-3300 x7259

http://www.reuters.com/articlePrint?ar...                          1/2

10/14/2009
st.laurent@synygy.com

Copyright Business Wire 2009

© Thomson Reuters 2009. All rights reserved. Users may download and print extracts of content from this website for their own personal and non-commercial use only. Republication or redistribution of Thomson Reuters content, including by framing or similar means, is expressly prohibited without the prior written consent of Thomson Reuters. Thomson Reuters and its logo are registered trademarks or trademarks of the Thomson Reuters group of companies around the world.

Thomson Reuters journalists are subject to an Editorial Handbook which requires fair presentation and disclosure of relevant interests.

EXHIBIT C

AUG-25-2010   16:33                                                                P.20

10/14/2009

Synygy Files Lawsuit Against ZS Associ...

Get Yahoo! Toolbar                                              Yahoo!      Mail

New User? Sign Up   Sign In   Help

# YAHOO! FINANCE

HOME    INVESTING    NEWS & OPINION    PERSONAL FINANCE    MY PORTFOLIOS    YTECH TICKER

Get Quotes

ADVERTISEMENT

# Synygy Files Lawsuit Against ZS Associates for Copyright Infringement and Misappropriation of Intellectual Property

New development builds ripped muscles legal

Do you qualify for a credit card bailout?

**Press Release**
Source: Synygy Inc.
On 1:20 pm EDT, Thursday August 6, 2009

Buzz up! 0     Print

CHESTER, Pa.--(BUSINESS WIRE)--Synygy Inc., the largest and most experienced provider of sales performance management (SPM) solutions, today announced it has filed a lawsuit against ZS Associates of Evanston, IL, alleging copyright infringement, misappropriation of intellectual property, and theft of trade secrets.

The complaint, filed in the District Court of Eastern Pennsylvania, alleges that ZS Associates and its affiliate, ZS Associates International, knowingly and improperly copied and misappropriated components of Synygy's sales compensation software and other intellectual property, and in addition, intentionally hired former Synygy employees, despite knowing about the existence of their non-compete agreements with Synygy, to gain access to confidential information acquired during their tenure with Synygy.

Synygy seeks relief including:

- judgment that ZS infringed Synygy's copyrights
- injunction that prohibits ZS from continued use of Synygy's software and other intellectual property
- injunction from luring and/or hiring employees of Synygy or its affiliates
- judgment for actual and compensatory damages for loss of revenue, profit, and company valuation
- punitive damages for acts of willful infringement

"Synygy created the market for sales compensation management (SCM) software and services more than 18 years ago," said Mark A. Stiffler, Synygy president and CEO. "We have invested many years and a lot of money in product development, which led to Synygy creating the SCM software that has propelled our success year after year. Our intellectual property is a very valuable asset and we are firmly committed to protecting it," he said.

"The lawsuit we filed today contends that ZS knowingly copied our software and other confidential information with the intent to use our intellectual property in direct competition with us. Our position is that ZS continues to use our software and other confidential information, causing us to lose substantial revenue, profit, and company valuation, while they profit from its use," continued Stiffler. "There is no way we can fully recover what we have lost from what we contend was deliberate and malicious misconduct, but we urge the Court to restrain ZS from continuing to infringe on our intellectual property and to award Synygy damages as the Court deems appropriate."

**About Synygy**

Synygy is the largest and most experienced provider of sales performance management (SPM) software and services. Synygy's SPM solutions include: sales compensation (incentive compensation, rewards and recognition, and total compensation); sales communications (web portals, reports and dashboards, and analytics, alerts, and answers); sales goals (territories and channels, forecasting and pipeline analyses, and objectives and quotas); and sales processes (reviews, recruiting and training, data repository and data processes, and workflow processes). Based in Chester, Pennsylvania, with extensive operations in Europe and Asia, Synygy has achieved 18 continuous years of success. www.synygy.com

**Contact:**

Synygy Inc.
Sue St. Laurent, 610-494-3300 x7259
st.laurent@synygy.com

**Tech Ticker Recent Posts**

Obama "Still Passionate" About Reforming Wall St. Regulation, Romer Says - Peter Gorenstein

White House "Not Cool" with Trillion-Dollar Deficits as Far as Eye Can See - Henry Blodget

Prudent Bear David Tice Battles Bull Run, Says Market Will Make New Lows - Peter Gorenstein

View More

ADVERTISEMENT

Obama Backs Insurance Regulation
Think You Pay Too Much? Find Out!
Select Vehicle Year 2009
Select Vehicle Make Toyota
Calculate New Payment

**Subscribe to Topics**

Top Stories

ADD MY Y!     Add Alert

...yahoo.com/.../Synygy-Files-Lawsuit-...

10/14/2009                              Synygy Files Lawsuit Against ZS Associ...

Buzz up! 0        Send       Share       Print

## Top Stories

- March to Dow 10,000: Stocks Surge on Strong Earns - AP
- JPMorgan earns $3.6B, but loan losses stay high - AP
- Sept. retail sales fall 1.5 percent post Clunkers - AP
- Oil prices jump above $75 a barrel to 1-year high - AP
- Business inventories decline 1.5 percent in August - AP

Sponsored Links

Super Cheap Car Insurance Quotes
Get Discount Auto Insurance Quotes Online - Rates from $15 / Month.
USInsuranceOnline.com

Earn From 2.00% to 2.30%
With GE Capital Corporation. Not An Offer Of Securities For Sale.
www.geinterestplus.com

Need Affordable Health Care?
Get Affordable Health Insurance Quotes Online - Rates from $30 / Month
Health-Insurance-Quotes.com

Refinance Now at 4.25% Fixed
$160,000 Mortgage for $633/mo. Free. No obligation. Get 4 quotes.
MortgageRefinance.LendGo.com

Copyright © 2009 Business Wire. All rights reserved. All the news releases provided by Business Wire are copyrighted. Any forms of copying other than an individual user's personal reference without express written permission is prohibited. Further distribution of these materials by posting, archiving in a public web site or database, or redistribution in a computer network is strictly forbidden.

| YAHOO! FINANCE | | ALSO ON YAHOO! | | | THINGS TO DO |
|---|---|---|---|---|---|
| Banking & Budgeting | Personal Finance | • 360 | • Hot Jobs | • News | • Read Our Blog |
| Calculators | Mutual Funds | • Autos | • Mail | • Shopping | • Send Feedback |
| Currency | Message Boards | • Finance | • Maps | • Sports | • Check Stock Quotes |
| Loans | Mutual Funds | • Games | • Movies | • Tech | • Search Homes for Sale |
| Experts | Retirement Planning | • Groups | • Music | • Travel | • Check Home Values |
| Investing | Real Estate Tips | • Health | • My Yahoo! | • TV | • Find a New Car |
| | | | | • All Y! Services | • Search Jobs Across the Web |

## YAHOO! FINANCE WORLDWIDE

Argentina  Australia  New Zealand  Brazil  Canada  China  Chinese  France  French Canada  Germany
Hong Kong  India  Italy  Japan  Korea  Mexico  Singapore  Spain  Spanish  Taiwan  UK & Ireland

Copyright © 2009 Yahoo! All rights reserved. Privacy Policy - Terms of Service - Copyright Policy - Send Feedback

Quotes and other information supplied by independent providers identified on the Yahoo! Finance partner page. Quotes are updated automatically, but will be turned off after 25 minutes of inactivity. Quote data delayed 15 minutes for Nasdaq, NYSE and Amex. Real-Time continuous streaming quotes are available through our premium service. You may turn streaming quotes on or off. All information provided "as is" for informational purposes only, not intended for trading purposes or advice. Yahoo! is not an investment adviser and does not provide, endorse or review any information or data contained herein.

EXHIBIT D

10/14/2009

IPToday.com - Intellectual Property To...

Register | Login

Search

RFC *Express*
New IP
Lawsuits

# Intellectual Property Today™

Home   Issues   News   Classified   Jobs   Reports   Poster   Subscribe   Links   Contact   RFC Express

2009 Top TM Firms
2008 Top TM Firms
2009 Top Patent Firms
2008 Top Patent Firms



TOP QUALITY DIGITAL
PATENT DRAWINGS FAST!
CotsisCAD.com

Advertise Here

Looking for...

Blogs

Executive Search

Expert Witness

File Wrappers

For Sale

IP Law Firms

Jobs

Office Space

Patent and TM Searches

Patent Drafting

Patent Enforcement

Patent Translations

Referral Services

Sequence Searching/Listing

Situations Wanted

International Litigation Support

Back to Archived News                                            Email this page

## Synygy Files Lawsuit Against ZS Associates for Copyright Infringement and Misappropriation of Intellectual Property

Friday, August 07, 2009

Chester, PA -- Synygy Inc., the largest and most experienced provider of sales performance management (SPM) solutions, today announced it has filed a lawsuit against ZS Associates of Evanston, IL, alleging copyright infringement, misappropriation of intellectual property, and theft of trade secrets.

The complaint, filed in the District Court of Eastern Pennsylvania, alleges that ZS Associates and its affiliate, ZS Associates International, knowingly and improperly copied and misappropriated components of Synygy's sales compensation software and other intellectual property, and in addition, intentionally hired former Synygy employees, despite knowing about the existence of their non-compete agreements with Synygy, to gain access to confidential information acquired during their tenure with Synygy.

Synygy seeks relief including:

- judgment that ZS infringed Synygy's copyrights
- injunction that prohibits ZS from continued use of Synygy's software and other intellectual property
- injunction from luring and/or hiring employees of Synygy or its affiliates
- judgment for actual and compensatory damages for loss of revenue, profit, and company valuation
- punitive damages for acts of willful infringement

"Synygy created the market for sales compensation management (SCM) software and services more than 18 years ago," said Mark A. Stiffler, Synygy president and CEO. "We have invested many years and a lot of money in product development, which led to Synygy creating the SCM software that has propelled our success year after year. Our intellectual property is a very valuable asset and we are firmly committed to protecting it," he said.

"The lawsuit we filed today contends that ZS knowingly copied our software and other confidential information with the intent to use our intellectual property in direct competition with us. Our position is that ZS continues to use our software and other confidential information, causing us to lose substantial

10/14/2009                IPToday.com - Intellectual Property To...

Ads by Google

revenue, profit, and company valuation, while they profit from its use," continued Stiffler. "There is no way we can fully recover what we have lost from what we contend was deliberate and malicious misconduct, but we urge the Court to restrain ZS from continuing to infringe on our intellectual property and to award Synygy damages as the Court deems appropriate."

### About Synygy

Synygy is the largest and most experienced provider of sales performance management (SPM) software and services. Synygy's SPM solutions include: sales compensation (incentive compensation, rewards and recognition, and total compensation); sales communications (web portals, reports and dashboards, and analytics, alerts, and answers); sales goals (territories and channels, forecasting and pipeline analyses, and objectives and quotas); and sales processes (reviews, recruiting and training, data repository and data processes, and workflow processes). Based in Chester, Pennsylvania, with extensive operations in Europe and Asia, Synygy has achieved 18 continuous years of success. www.synygy.com

Back to Archived News

**Compensation Management**
Align Employee Compensation With Performance. Get Free Whitepaper.
SumTotalSystems.com

**Worker Compensation**
Experienced Injury Lawyer handling Worker Comp cases. Free service
www.InjuryHelpLineAtto

**Top 10 Sales Automation**
2009 Top 10 Sales Force Automation Software Rankings. Get Free Report.
Business-Software.com/

**IP Expert Witness**
We have a unique depth of knowledge - business & econimic issues of IP
SynergenConsulting.com

© Copyright 2009 Intellectual Property Today — Designed By WebsiteAtWork.com

Home · Issues · News · Classified · Jobs · Reports · Poster · Subscribe · Links · Contact
Legal Statement · Privacy Policy · Terms of Use · RFC Express · Sitemap

EXHIBIT E

| STATEMENT FROM PRESS RELEASE | REFERENCE IN COMPLAINT |
|---|---|
| Synygy, Inc…today announced it has filed a lawsuit against ZS Associates of Evanston, IL, alleging copyright infringement, misappropriation of intellectual property, and theft of trade secrets. | The Amended Complaint filed by Synygy actually asserts 16 causes of action against ZS including causes of action for Copyright Infringement (Count I); Misappropriation of trade secrets (Counts II and X); and Conversion of Intellectual Property (Count XIII). In addition, the Amended Complaint is replete with allegations of copyright infringement; misappropriation of trade secrets and misappropriation of intellectual property. For example, in paragraphs 76 and 77 it is alleged that "unlawfully copied and misappropriated" Synygy intellectual property.<br><br>See also paragraph 96 of the Amended Complaint. |

This language from the press release is merely descriptive in nature and amounts to nothing more than a general summary of a portion of the Complaint that was filed. Nothing in this quote is inaccurate, since the press release uses the word "alleging." The "gist" or "sting" of the Press Release is not greater than the allegations in the Amended Complaint.

| STATEMENT FROM PRESS RELEASE | REFERENCE IN COMPLAINT |
|---|---|
| The complaint…alleges that ZS Associates and its affiliate ZS Associates International knowingly and improperly copied and misappropriated components of Synygy's sales compensation software and other intellectual property… | In paragraph 88 of the Amended Complaint, it is alleged that ZS has "…knowingly and willfully used, reproduced, and distributed copies of the Synygy Software, the Synygy Reports and other Confidential Information without permission or license from Synygy." |

**Again, this language from the press release is merely descriptive in nature and amounts to nothing more than a summary of a portion of the Complaint that was filed. It does not contain any additional comment or commentary, other than what a reader would see by viewing this otherwise publically available document. The use of the word alleges makes it clear that these are allegations and not statements of fact. The "gist" or "sting" of the Press Release is not greater than the allegations in the Amended Complaint.**

| STATEMENT FROM PRESS RELEASE | REFERENCE IN COMPLAINT |
|---|---|
| …and in addition, intentionally hired former Synygy employees, despite knowing about the existence of their non-compete agreements with Synygy, to gain access to confidential information acquired during their tenure with Synygy. | In paragraph 96 of the Amended Complaint, it is alleged that ZS engaged in "wrongful and intentional misappropriation of Synygy's trade secrets, confidential business and technical information, and conversion of Synygy's intellectual property by utilizing Synygy India's former employees' knowledge of Synygy's proprietary and confidential information acquired while employed with Synygy India so that they can (and continues to) intentionally interfere with Synygy's business relations with its clients…"<br><br>In paragraph 97 of the Amended Complaint, it is alleged that ZS acted with "malice and intent to damage" when it tried to "unlawfully lure former Synygy India employees…"<br><br>In paragraph 100 of the Amended Complaint, it is alleged that ZS was "fully familiar with the Synygy Confidentiality and Non-Competition Agreements" Synygy had with its employees…"<br><br>In paragraph 101 of the Amended Complaint, it is alleged that "ZS has a pattern, practice, history and course of conduct ignoring Synygy Confidentiality and Non-Competition Agreements and attempting to wrongfully employ Synygy employees in violation of their Synygy Confidentiality and Non-Competition Agreements…"<br><br>In paragraph 105 of the Amended Complaint, it is alleged that ZS engaged in "surreptitious domestic corporate espionage" and "knowingly, intentionally and unlawfully orchestrated a strategy…to procure Synygy's trade secrets…" through "…the unlawful 'debriefing' of former Synygy India employees in violation of their restrictions against disclosure."<br><br>In paragraph 212 of the Amended Complaint, it as alleged that ZS is liable for "…luring and subsequently employing Synygy India employees…in direct contravention of the Synygy Employee Confidentiality and Non-Competition Agreements…"<br><br>See also paragraph 214. |

Again, this language from the press release is merely descriptive in nature and amounts to nothing more than a general summary of a portion of the Complaint that was filed.  It does not contain any additional comment or commentary, other than what a reader would see by viewing this otherwise publically available document.  This section of the Press Release continues from the prior section where the word "alleges" is used.  The allegations of the Amended Complaint are far more egregious than the statements in the Press Release.

| STATEMENT FROM PRESS RELEASE | REFERENCE IN COMPLAINT |
|---|---|
| Synygy seeks relief including: | |
| * judgment that ZS infringed Synygy's copyrights; | *  See ad damnum clause (a) following Counts I through VII of the Complaint.  See also the ad damnum clause (a) following Counts VIII through XVII of the Complaint. |
| * injunction that prohibits ZS from continued use of Synygy's software and other intellectual property; | *  See ad damnum clause (c), (d), (e) and (f) following  Counts I through VII of the Complaint. See also the ad damnum clause (b), (c), and (e) following Counts VIII through XVII of the Complaint. |
| * injunction from luring and/or hiring employees of Synygy or its affiliates | * See ad damnum clause (d) following  Counts VIII through XVII of the Complaint. |
| *  judgment for actual and compensatory damages for loss of revenue, profit, and company valuation | * See ad damnum clause (g), (i), (j) and (m) following  Counts I through VII of the Complaint. See also the ad damnum clause (f), (g) and (h) following and Counts VIII through XVII of the Complaint. |
| *  punitive damages for acts of willful infringement | * See ad damnum clause (i), (j), and (m) following  Counts I through VII of the Complaint. See also the ad damnum clause (g), (h) and (i) following Counts VIII through XVII of the Complaint. |

**Again, this language from the press release is merely descriptive in nature and amounts to nothing more than a summary of a portion of the Complaint that was filed.  It does not contain any additional comment or commentary, other than what a reader would see by viewing this otherwise publically available document.  The "gist" or "sting" of the Press Release is not greater than the allegations in the Amended Complaint.**

| STATEMENT FROM PRESS RELEASE | REFERENCE IN COMPLAINT |
|---|---|
| Synygy created the market for sales compensation management (SCM) software and services more than 18 years ago," said Mark A. Stiffler, Synygy president and CEO. | In the Amended Complaint at paragraph 19, it is alleged that Synygy created a market that did not exist for sales compensation management prior to 1991. |

**This quotation from the press release is a simple summary of what is contained in the Amended Complaint, is not critical of ZS or ZSAI in any way and, in any event, would be a statement of opinion and/or would be true.**

| STATEMENT FROM PRESS RELEASE | REFERENCE IN COMPLAINT |
|---|---|
| "We have invested many years and a lot of money in product development, which led to Synygy creating the SCM software that has propelled our success year after year. | In paragraph 24 of the Amended Complaint, it is alleged that "Synygy and its affiliates…have expended and continued to expend substantial energies, money, and time in designing, developing, and delivering sales compensation management software and services." |
| | In paragraph 47 of the Amended Complaint, it is alleged that "[i]n 2005, after years of development and at considerable expense, Synygy authored and created, among other things, an original set of proprietary software macros…to generate analyses of sales compensation and sales performance of pharmaceutical salespeople. |
| | See also paragraph 83. |

**This quotation from the press release is a simple summary of what is contained in the Amended Complaint, is not critical of ZS or ZSAI in any way and, in any event, would be a statement of opinion and/or would be true.**

| STATEMENT FROM PRESS RELEASE | REFERENCE IN COMPLAINT |
|---|---|
| Our intellectual property is a very valuable asset and we are firmly committed to protecting it," he said. | In paragraph 21 of the Amended Complaint, it as alleged that "…Synygy's proprietary software, business processes, and methods …constitutes valuable trade secrets and confidential business information belonging to Synygy, which gives it an opportunity to obtain an advantage over competitors who do not know it or use it."<br><br>In paragraph 23 of the Amended Complaint, it is alleged that "Synygy and its affiliates…have…taken great effort to ensure that these skills, knowledge, expertise, and other trade secrets and confidential business and technical information do not fall into the hands of Synygy competitors which include ZS…"<br><br>See also paragraph 83. |
| **This quotation from the press release is a simple summary of what is contained in the Amended Complaint, is not critical of ZS or ZSAI in any way and, in any event, would be a statement of opinion and/or would be true.** | |

| STATEMENT FROM PRESS RELEASE | REFERENCE IN COMPLAINT |
|---|---|
| "The lawsuit we filed today contends that ZS knowingly copied our software and other confidential information with the intent to use our intellectual property in direct competition with us. | In paragraph 88 of the Amended Complaint, it is alleged that ZS has "knowingly and willfully used, reproduced and distributed copies of the Synygy Software…and other Confidential Information…" <br><br> In paragraph 90 of the Amended Complaint, it is alleged that "…ZS has used and continues to use copies of the Synygy Software, Synygy Reports, and other Confidential Information to offer and provide services to other business clients in direct competition with services being offered by Synygy. <br><br> In paragraph 112 of the Amended Complaint, it is alleged that "…ZS and ZSAI likely interfered with Synygy's business relations with other clients and there exists a continuing imminent threat of irreparable harm that they will continue to unlawfully interfere with Synygy's business relations with other clients." |

**This language from the press release is merely descriptive in nature and amounts to nothing more than a general summary of the allegations in the Complaint that was filed. It does not contain any additional comment or commentary, other than what a reader would see by viewing this otherwise publically available document. The use of the word "contends" also makes it clear that this is only a contention, not a statement of fact. The allegations of the Amended Complaint are far more egregious than the statements in the Press Release.**

| STATEMENT FROM PRESS RELEASE | REFERENCE IN COMPLAINT |
|---|---|
| Our position is that ZS continues to use our software and other confidential information, causing us to lose substantial revenue, profit and company valuation, while they profit from its use," continued Stiffler. | In paragraph 89 and 90 of the Amended Complaint, it is alleged that "ZS has used and continues to use unauthorized copies of the Synygy Software…and other Confidential Information…" <br><br> In paragraph 91 of the Amended Complaint, it is alleged that as a result of ZS's behavior, Synygy has been deprived of "sales, profits and company valuation…" <br><br> In paragraph 92 of the Amended Complaint, it is alleged that "Synygy has lost and will continue to lose substantial revenues, profits and company valuation…" <br><br> See also paragraph 93. |

**Again, this language from the press release is merely descriptive in nature and amounts to nothing more than a summary of a portion of the Complaint that was filed. It does not contain any additional comment or commentary, other than what a reader would see by viewing this otherwise publically available document. The use of the word "position" makes it clear that this is Synygy's position, only. It is not a statement of fact. The "gist" or "sting" of the Press Release is not greater than the allegations in the Amended Complaint.**

| STATEMENT FROM PRESS RELEASE | REFERENCE IN COMPLAINT |
|---|---|
| "There is no way we can fully recover what we have lost from what we contend was deliberate and malicious conduct, … | In paragraph 93 of the Amended Complaint, Synygy alleges that it "…suffered irreparable damage…" and "…has no adequate remedy at law…"

In paragraph 97 of the Amended Complaint, it is alleged that ZS acted with "…malice and intent to damage…"

In paragraph 105 of the Amended Complaint, it is alleged that ZS engaged in "surreptitious domestic corporate espionage" and "knowingly, intentionally and unlawfully orchestrated a strategy…to procure Synygy's trade secrets…"

In paragraph 116 of the Amended Complaint, Synygy alleges that the amount of damages it has sustained can not be fully ascertained as present.

In paragraph 117 of the Amended Complaint, it is alleged that ZS acted willfully and deliberately when in infringed Synygy's copyrights.

In paragraphs 164-165 of the Amended Complaint, it as alleged that ZS engaged in "malicious conduct" by "improperly and unlawfully obtaining Synygy's intellectual property…and passing the same off as its own…"

In paragraph 167 of the Amended Complaint, it is also alleged that ZS engaged in "malicious conduct…"

In paragraph 208 of the Amended Complaint, it as alleged that ZS acted willfully and wantonly.

In paragraphs 93 and 225 of the Amended Complaint, it is alleged that Synygy suffered irreparable injuries. |

**This language from the press release is merely descriptive in nature and amounts to nothing more than a summary of a portion of the Complaint that was filed.  It does not contain any additional comment or commentary, other than what a reader would see by viewing this otherwise publically available document.  The use of the word "contend" makes it clear that this is Synygy's contention, only.  It is not a statement of fact.  The "gist" or "sting" of the Press Release is not greater than the allegations in the Amended Complaint.**

| STATEMENT FROM PRESS RELEASE | REFERENCE IN COMPLAINT |
|---|---|
| ...but we urge the Court to restrain ZS from continuing to infringe our intellectual property and to award Synygy damages as the Court deems appropriate." | This is a very short hand summary of the ad damnum clauses in the Amended Complaint. |

**Again, this language from the press release is merely descriptive in nature and amounts to nothing more than a summary of a portion of the Complaint that was filed. It does not contain any additional comment or commentary, other than what a reader would see by viewing this otherwise publically available document. The "gist" or "sting" of the Press Release is not greater than the allegations in the Amended Complaint.**