# United States District Court
# for the
# Eastern District of Pennsylvania

| | |
|---|---|
| ZS Associates, Inc and ZS Associates International, Inc. ) ) ) Plaintiff(s) ) ) v. ) ) Synygy, Inc. ) ) Defendant ) | Civil Action No. 10-4274 |

### DEFENDANT'S ADDITONAL BRIEF IN SUPPORT OF ITS MOTION TO DISMISS REGARDING PLAINTIFF'S LANHAM ACT CLAIM

Defendant, Synygy, Inc. ("Synygy"), by and through its undersigned counsel, hereby respectfully submits this Additional Brief in Support of its Motion to Dismiss Regarding Plaintiff's Lanham Act Claim, in accordance with the Court's Order entered on April 26, 2011.

### LEGAL ARGUMENT

In Count III of their Complaint, Plaintiffs, ZS Associates, Inc. and ZS Associates International, Inc. purport to assert a claim under Section 43(a) of the Lanham Act. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125 (1988) created a cause of action for any false description, representation, or advertising of a product. The elements are:

> 1) that the defendant has made false or misleading statements as to his own product [or another's]; 2) that there is actual deception or at least a tendency to deceive a substantial portion of the intended audience; 3) that the deception is material in that it is likely to influence purchasing decisions; 4) that the advertised goods traveled in interstate commerce; and 5) that there is a likelihood of injury to the plaintiff

U.S. Healthcare, Inc. v. Blue Cross of Greater Philadelphia, 898 F.2d 914, 922-923 (3d. Cir. 1990)(quoting Max Daetwyler Corp. v. Input Graphics, Inc., 545 F.Supp. 165, 171 (E.D. Pa. 1982), cert. denied, 498 U.S. 816 (1990)).

"The Lahnam Act was intended to make 'actionable' and 'to protect persons engaged in …commerce against unfair competition.'" Dastar Corporation v. Twentieth Century Fox Film Corp., 539 U.S. 23, 28-29 (2003). "While much of the Lanham Act addresses the registration, use, and infringement of trademarks and related marks, § 43(a), 15 U.S.C. 1125(a) is one of the few provisions that goes beyond trademark protection." Id. at 29. However, Section 43(a) "'does not have boundless application as a remedy for unfair trade practices.'" Id. (quoting Alfred Dunhill, Ltd. v. Interstate Cigar Co., 499 F.2d 232, 237 (2nd Cir. 1974)). Specifically, "[b]ecause of its inherently limited wording, § 43(a) can never be the federal 'codification' of the overall law of 'unfair competition,'…but can apply only to certain unfair trade practices prohibited by its text." Id. (internal citations omitted). "Section 43(a) of the Lanham Act prohibits actions like trademark infringement that deceive consumers and impair a producer's goodwill." Id. at 32. "The words of the Lanham Act should not be stretched to cover matters that are typically of no consequence to purchasers." Id. at 32-33.[1]

In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). However, the "complaint must allege facts suggestive of [alleged] conduct." Twombly, supra, 550 U.S. at 564. Bald assertions and vague, conclusory allegations cannot be accepted.

---

[1] For example, the Supreme Court in Dastar recognized the Lanham Act prohibited Coke from passing of its product as Pepsi, or reverse passing off of a Pepsi-Cola as Coca-Cola. But the Lanham Act does not stretch to cover false claims as to the origin of Coke's specific formula, made by Coke or someone else. Dastar, supra, 539 U.S. at 32.

See Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir.1997). The complaint must contain enough facts to suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir.2008) (quoting Twombly, supra, 550 U.S at 555)("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

In this case, the Complaint filed by ZS Associates, Inc. and ZS International, Inc. does not state a claim under the Lanham Act.

### I. SYNYGY'S PRESS RELEASE DOES NOT ADDRESS THE PHYSICAL OR FUNCTIONAL ATTRIBUTES OF ZS' SOFTWARE AND THEREFORE, UNDER THE RATIONALE OF DASTAR AND SIDEM, S.A., THEIR LANHAM ACT CLAIM MUST BE DISMISSED.

In Dastar, supra, the Supreme Court held that a "reverse passing off" allegation under the Lanham Act ("when producer of a good or provider of a service 'misrepresents that someone else's goods or services are his own'") is a valid claim. Id. at 29 n. 1. However, the Court further held that a reverse passing off claim is not actionable when "the misrepresentation regarding the origin of goods or services relates to their origination, development, or creation" since the matter is already covered by copyright law. Id. at 34. While Dastar did not specifically discuss the type of claim made here, it is clear that the Supreme Court found that the Lanham Act would not apply to a claim about who generated the idea behind a product which a consumer in already interested in purchasing. See id. at 29 n. 1.

The rationale of Dastar has been expanded by other Courts to include false advertising claims under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). See Sidem, S.A. v. Aquatech Intern. Corp., 2010 WL 2573882, *5 (W.D. Pa. June 23, 2010). In Sidem, plaintiff was the lone manufacturer of complex and large water desalinization machines. A former employee allegedly

gained access to this information and subsequently left plaintiff to work for defendant. Shortly thereafter, defendant bid for a job which required building massive water desalinization machines which plaintiff alone had the capacity to construct. Plaintiff sued claiming that defendant "falsely represented to the consumer public that [defendant] had expertise and experience in designing and constructing large MED units, that [defendant] independently developed and designed large MED units, and that increasing the size of an MED unit 'is easy and does not require specialized knowledge.'" Id. at *1.

The Western District dismissed plaintiff's claim under Fed. R. Civ. P. 12(b)(6) as it held that claims under § 43(a)(1)(B) that allege that "advertisement or promotional material [which misrepresent] that the defendant originated, developed, or created the goods or services" are barred by Dastar. See Robert Bosch, LLC v. Pylon Manufacturing Corp., 632 F.Supp.2d 362 (D.Del. 2009)(holding that defendant's statements regarding the development of wiper blades "with many innovative features and benefits", while potentially implicating that plaintiff did not develop the wiper blade amounted to nothing more that "false attribution of the authorship' of an invention or innovation" which was "not an actionable false advertisement under § 43(a) of the Lanham Act.") and Antidote International Films, Inc. v. Bloomsbury Publishing, PLC, 467 F.Supp.2d 394 (S.D.N.Y. 2006)(holding that plaintiff's Lanham Act claims were barred after they relied on press releases and statements that a book author existed when he did not because authorship of the idea is not a characteristic or quality of a work). Based on these cases, the Court held that since the crux of plaintiff's complaint dealt with the construction of these water desalinization machines and the "alleged passing off of plaintiffs' design and experience as [defendant's] work", they amount to mere debates over ownership/authorship of an idea which was not actionable under the Lanham Act. See Sidem, supra, 2010 WL 2573882 at

*8("[f]ollowing the logic of the above-cited decisions, this court concludes that it would be inappropriate to ignore the main thrust of plaintiffs' allegations that Aquatech passed off Sidem's trade secret information as its own, i.e. that Aquatech-not plaintiffs-originally developed or created the design and construction of large MED units, and under those circumstances Dastar bars plaintiff's Lanham Act claim asserted under § 43(a)(1)(B).")

Here, the allegations are similar to Sidem, Bosch, and Antidote. Plaintiff's claim of "false or misleading description[s] of fact" about the quality of ZS is based on the press release's statement that Synygy created the market for sales compensation management software and that Synygy is the largest and most experienced provider of said software. The claims that Synygy created the market for sales compensation management software and that Synygy is the largest and most experienced provider of said software is no different from Bosch's claim that Pylon Manufacturing Corp. improperly said they made wiper blades which were innovative or Antidote's claim that Bloomsbury Publishing, PLC improperly sent out press releases that a fictitious author existed. At most, the claim is one for false authorship which is actionable under the Lanham Act after Sidem. As the Western District noted, claims whose gist is that a defendant is not properly attributing authorship or is misrepresenting the authorship of an idea is not a Lanham Act claim and therefore ZS cannot rely on these statements to support its claim

  II. **PLAINTIFF'S CLAIM UNDER THE LANHAM ACT MUST ALSO FAIL BECAUSE THE STATEMENT COMPLAINED OF IS NOT FALSE OR MISLEADING AS IT EITHER MERELY REPORTS ON ONGOING COURT PROCEEDINGS OR IS PUFFERY.**

   A. Portions of the press release which address on-going litigation are not false or misleading as they report of the contents of the complaint.

A plaintiff must establish that the statements which they allege violate the Lanham Act are "either (1) literally false or (2) literally true or ambiguous, but has the tendency to deceive

consumers." Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co., 290 F.3d 578, 585-86 (3d Cir.2002)(quoting Castrol Inc. v. Pennzoil Co., 987 F.2d 939, 943 (3d. Cir. 1993)). The Court must review the statements for falsity "at the time they are made." Alpo Petfoods, Inc. v. Ralston Purina Co., 720 F.Supp. 194, 205 n. 12 (D.D.C.1989) (rev'd in part on other grounds, 913 F.2d 958 (D.C.Cir.1990)).

Novartis established the framework for reviewing literal falsity:

> "...a court must determine, first, the unambiguous claims made by the advertisement or product name, and second, whether those claims are false. Clorox Co. v. Proctor & Gamble Commercial Co., 228 F.3d 24, 34 (1st Cir. 2000). A "literally false" message may be either explicit or "conveyed by necessary implication when, considering the advertisement in its entirety, the audience would recognize the claim as readily as if it had been explicitly stated." Regardless, only an unambiguous message can be literally false. "The greater the degree to which a message relies upon the viewer or consumer to integrate its components and draw the apparent conclusion, however, the less likely it is that a finding of literal falsity will be supported." United Indus. Corp. v. Clorox Co., 140 F.3d 1175, 1181 (8th Cir. 1998)"(emphasis added).

Novartis, supra, 290 F.3d at 586-87, see also Bracco Diagnostics, Inc. v. Amersham Health, Inc., 627 F.Supp.2d 384, 463-464 (D.N.J. 2009).

The Court identified three areas where ZS' complaint alleges that Synygy violated the Lanham Act: that Synygy is the market innovator and ZS' products are "knock offs", ZS' products and services are inferior, and ZS engaged in misconduct by unlawfully using Synygy's

software and intellectual property against Synygy.[2] The Court must begin its evaluation by looking for unambiguous statements which support these allegations and then determine if they are false. There can not be a literal falsehood when the press release states that Synygy has filed a lawsuit, the lawsuit contains allegations, Synygy is seeking specific types of relief, and Synygy has sustained damages from ZS' alleged interference. See IMCS, Inc. v. D.P. Technology Corp., 264 F.Supp.2d 193, 197 (E.D. Pa. 2003)(holding that "[a] lawsuit that alleges unfair competition must be based on marketplace statements or misconduct and cannot be based merely on the filing of a lawsuit to enforce a presumptively valid patent")(internal citations omitted). If the Court held that a lawsuit cannot be the basis of a Lanham Act claim, fair reporting of that complaint can also not constitute a literal falsehood and the Court will find the few unambiguous statements in support of ZS' claims are true and therefore, not actionable under the Lanham Act.

In the first paragraph, Synygy calls itself "the largest and most experienced provider of sales performance management solutions" then states that a complaint has been filed alleging certain violations of copyright, intellectual property, and trade secret law. The first part of the paragraph does not impugn ZS, call into question its software or products, allege any wrongdoing, or unambiguously state that ZS's products are inferior. The statement that Synygy is the largest and most experienced is at the very least ambiguous (what constitutes largest or experienced) and at most puffery, which is not actionable (discussed in part C). The second portion of the paragraph is unambiguous; Synygy filed a lawsuit. However, the statement is objectively true. Therefore, nothing in the first paragraph is literally false.

The second and third paragraph cites the allegations and relief requested in the complaint that amounts to nothing more that a line by line synopsis of the public document. This portion is

---

[2] As set forth in the preceding section, such statements which relate to the creator of the product are not actionable under the Lanham act.

entirely ambiguous. The paragraphs contain word such as "alleges" and "seeks" and references the complaint and the Court where it is filed in. The statements are not definitive proof of what ZS may or may not have done but rather ambiguous statements concerning legal allegations and requested damages. Even if ZS' can somehow spin allegations into unambiguous statements of actions taken, they are still true, accurate reflections of a "complaint, filed in the District Court of Eastern Pennsylvania." There is no misstatement of the truth that the complaint makes certain allegations and that Synygy sought five types of relief.

The fourth paragraph includes a statement by Synygy's president and CEO, Mark A. Stiffler. The paragraph states that Synygy created the market for sales performance management solutions, they were created 18 years ago (from the date the article was written in 2009), Synygy has invested years and money into the development of the software, and they are committed to protecting their intellectual property. Again, as in paragraph one, nothing Mr. Stiffler said impugns ZS, calls into question its software or products, alleges any wrongdoing, or unambiguously state that ZS's products are inferior. The statements they were created 18 years ago (from the date the article was written in 2009), that Synygy has invested years and money into the development of the software, and they are committed to protecting their intellectual property is unambiguous fact that a business was created, they invest money in their software, and that they are committed to protecting what they feel is their property. The statements are truthful and therefore, not actionable. The statement that Synygy created the market for sales performance management solutions again is either ambiguous or puffery.

The fifth paragraph is another synopsis of the allegations contained in the public document. The paragraph uses words such as "contends" and "our position." It mentioned the allegations contained in the public document, stated that the position of Synygy is that such

allegations lead to a loss of revenue, that Synygy sustained damages from alleged misconduct, and a request that the Court intervene to stop this alleged inference. Nothing in paragraph five constitutes an unambiguous statement that ZS acted exactly in the manner alleged. The statements are ambiguous by the same nature as paragraph two in that these are mere allegations which have not been adjudicated by the Court. Again, even if ZS can somehow manipulate logic and show that allegations are unambiguous statements of wrongdoing, the statements are true reflections of allegations made in a complaint, just as they appear in the public complaint.

The final paragraph repeats the statement that Synygy is the "the largest and most experienced provider of sales performance management solutions" while discussing its corporate structure, products, business locations, and years in business. Again, the statements concerning Synygy's corporate structure, products, business locations, and years in business are unambiguous facts which do not impugn ZS, call into question its software or products, allege any wrongdoing, or unambiguously state that ZS's products are inferior. They are verifiable facts about Synygy's business. The first statement has been discussed above.

    B.  Plaintiff cannot establish the release contained implied falsehoods.

"Where a plaintiff cannot show that a claim is literally false under the Lanham Act, it must show that the advertisement conveyed an impliedly false message that was misleading to consumers." Johnson & Johnson-Merck Consumer Pharma. Co. v. Rhone-Poulenc Rorer Pharma., Inc., 19 F.3d 125, 129 (3d Cir.1994). Implied falsehood cannot be supported by mere allegations; the Third Circuit requires proof of customer reaction. See Sandoz Pharmaceuticals Corp. v. Richardson-Vicks, Inc., 902 F.2d 222, 228-229 (3d. Cir. 1990)("where the advertisements are not literally false, plaintiff bears the burden of proving actual deception by a

preponderance of the evidence. Hence, it cannot obtain relief by arguing how consumers could react; it must show how consumers actually do react.")

ZS has desperately alleged that the entire document, taken as a whole, constitutes a falsehood in that Synygy impugned its brand by claiming ZS stole from Synygy. Looking at the document as a whole, nothing could be further from reality. The document, as a whole, constitutes one message, that Synygy filed a complaint alleging violations on the part of ZS and that Synygy wanted relief from the Court. ZS could not even be bothered to provide any information regarding the impact the press release had on its customers or the public in general. The entire document is nothing more than reflections of a public document with normal puffery regarding being a leader in a business field. ZS has not and cannot present credible evidence that any person took this statement as making implied falsehoods about ZS' business or products.

        C.       The remaining portions of the press release which address Synygy's history, status in its business field, and accomplishments are puffery and not subject to a Lanham Act claim.

Advertisements which consist of general claims of superiority are not actionable under the Lanham Act. See U.S. Healthcare, supra, 898 F.2d at 926 ("[i]n the context of the advertising in the case, the defendant's claim that it was the better health care plan was an innocuous kind of puffery.") Synygy's statements regarding their status as "the largest and most experienced provider of sale performance management solutions" or their creation of the market for such software is exactly the type of puffery companies engage in to earn an advantage in the market place. They do not claim superiority over ZS' products. This is normal business practice and cannot be actionable under the Lanham Act.

        III.      PLAINTIFF CANNOT CLAIM THAT THERE IS A LIKELIHOOD OF DECEPTION AS THE PRESS RELEASE DISCUSSES MERE ALLEGATIONS OF WRONGDOING AND DOES NOT IMPUGN THE FUNCTIONALITY OF THE ZS' SOFTWARE.

Even if ZS can demonstrate that the statements concerning allegations contained in a public complaint and basic puffery are misleading, they cannot show that the comments created actual deception or a tendency to deceive.[3] See Walker-Davis Publications Inc. v. Penton/IPC Inc., 509 F.Supp. 430 (E.D. Pa. 1981)(holding that misrepresentations are of no consequence when the party failed to show that anyone was deceived) and Johnson & Johnson-Merck Consumer Pharma. Co., supra, 19 F.3d 125. It is not enough that a plaintiff, such as ZS, lay before the Court alleged implied misrepresentations and claim they are sufficient to show deception or a tendency to deceive; they must present affirmative evidence showing its impact on consumers. McNeilab Inc. v. American Home Products Corp., 501 F.Supp. 517 (S.D.N.Y. 1980). Furthermore, the context of the statement must also be taken into consideration as the nature and form of the alleged statement could impact a person's ability to be deceived. Plough Inc. v. Johnson & Johnson Baby Products Co., 532 F.Supp. 714 (D.Del. 1982).

ZS' sole support of its claim is paragraph 55 of their complaint in which they claim that Synygy's press release "actually deceived and/or tended to deceive" potential and current customers into believing that ZS had produced an inferior product and engaged in misconduct. Despite ZS' failure to support their claim any further than the bald and unsupported allegation of the complaint in direct contradiction of Twombly, a plain and fair reading of the press release can not be said to show deception or a tendency to deceive. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, (citing Twombly, 550 U.S. at 556)("[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") The release discusses allegations of a publicly available complaint. Nothing is stated in the affirmative. No statement was made which directly

---

[3] Defendant recognizes that should this Honorable Court hold the statements to be literally false, Plaintiff would not have to show actual deception or tendency to deceive. See Bracco Diagnostics, supra, 627 F.Supp. 2d at 463-464.

impugned ZS, called into question its software or products, or directly stated that ZS's products are inferior. These are allegations of a filed complaint. The article does not purport to be a ruling, decision, or other determination of fault but of a statement that a case was filed and the allegation were as follows. ZS would have this Court punish plaintiffs who file complaints and then make factual statements about the publicly available information simply because they disagree with them. There is no proof of any actual deception or evidence of intent to deceive.

### IV. PLAINTIFF'S CLAIM UNDER THE LANHAM ACT MUST FAIL BECAUSE NO PERSON WHO READ THE RELEASE WOULD HAVE THEIR DECISION TO PURCHASE PLAINTIFF'S PRODUCTS INFLUENCED BY IT.

ZS' has failed to support its claim that the press release, which discussed the contents of a public complaint, had or may have an impact on a potential purchased any further than a single, bald, and unsupported allegation in paragraph 56 of its complaint. See Ashcroft, supra, 129 S.Ct. at 1949 ("[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.")(emphasis added). Case law is clear that to support a claim that customers were influenced by an alleged misrepresentation a plaintiff must be able to show that those customers who potentially heard or read the statements were influenced not to purchase the materials. Walker-Davis, supra, 509 F.Supp. at 437. See also Allen Organ Co. v. Galanti Organ Builders, Inc., 798 F.Supp. 1162 (E.D. Pa. 1992)(holding that organ purchasers were a select group of purchasers, unlike common purchasers of goods, and would not be influenced by inaccuracies in sound quality advertisements).

ZS has a single statement in support of its allegation that Synygy's press release influenced purchasing decisions. This statement is a simple, bald restatement of the element as it appeared in U.S. Healthcare, supra, 898 F.2d at 922-923. ZS failed to support its complaint with

any facts or proof which would allow this Court to draw any reasonable inference that Synygy intended to or did influence the purchasing decisions of the sales performance management solutions market. ZS' allegation does not cross the line between possibility and plausibility. See Twombly, supra. Furthermore, the realm of the public looking for sales performance management solutions is relatively small compared to common purchases and therefore, a purchaser would be less influenced even if a misstatement was published.

## CONCLUSION

ZS' complaint addresses false authorship of goods and commercial activity which cannot be actionable under the Lanham Act. The press release is comprised of ambiguous statements about allegations contained in a complaint interspersed with unambiguous but true statements about Synygy's corporate structure. The allegations are truthful replications of the claims made in the related lawsuit. The press release read as a whole does not create an impression that ZS has stolen from Synygy but that Synygy has made claims in a Court of law without an adjudication of the facts. ZS has failed to produce any evidence other than bald assertions of legal conclusions which under Twombly cannot support their claim. Therefore, ZS' count under the Lanham Act must be dismissed.

Respectfully submitted,

**SWEENEY & SHEEHAN**

By: /s/ William M. Brennan
William M. Brennan
Attorney for Defendant,
Synygy, Inc.
1515 Market Street
19th Floor
Philadelphia, PA 19102
PHONE: (215) 563-9811
Dated: May 4, 2011          FAX: (215) 557-0999

# United States District Court
# for the
# Eastern District of Pennsylvania

| | |
|---|---|
| ZS Associates, Inc and ZS Associates International, Inc. )<br>)<br>)<br>    Plaintiff(s)  )<br>)<br>v.  )<br>)<br>Synygy, Inc.  )<br>)<br>    Defendant  ) | Civil Action No. 10-4274 |

### CERTIFICATE OF SERVICE

I, William M. Brennan, hereby certify that on this date, May 4, 2011, the foregoing document was filed electronically and is available for viewing and downloading from the ECF System of the Eastern District of Pennsylvania. The following counsel received service of the Notice of Electronic Case Filing:

Diane Siegel Danoff
Dechert Price & Rhoads
Cira Centre
2929 Arch Street
Philadelphia, PA 19103
215-994-4000
Email: diane.danoff@dechert.com

Alan S. Fellheimer
Fellheimer & Eichen LLP
1800 John F. Kennedy Boulevard, Ste. 1400
Philadelphia, PA 19103
215-253-6630
Email: alan@fellheimer.net

Dated:  May 4, 2011                           /s/    William M. Brennan
                                                    William M. Brennan