## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZS ASSOCIATES, INC. and ZS ASSOCIATES INTERNATIONAL, INC.<br><br>v.<br><br>SYNYGY, INC. | CIVIL ACTION<br><br>JURY TRIAL DEMANDED<br><br><br>NO.   10-cv-4274 (Now Consolidated with Docket Number 07-3536) |

### SYNYGY, INC.'S ANSWER TO ZS ASSOCIATES, INC.'S COMPLAINT

Defendant Synygy, Inc. hereby responds to Plaintiffs' ZS Associates, Inc.and ZS Associates International, Inc. Complaint as follows:

### THE PARTIES

1.      Admitted upon information and belief.

2.      Synygy is without sufficient information and/or knowledge to affirm or deny the averments of this paragraph.

3.      Synygy is without sufficient information and/or knowledge to affirm or deny the averments of this paragraph.

**4.**      Synygy is without sufficient information and/or knowledge to affirm or deny the averments of this paragraph.

5.      Admitted in part.  Synygy admits that ZS assists commercial organizations with certain services.  Synygy is without sufficient information and/or knowledge to affirm or deny the size of ZS' work staff, length of time ZS has existed, the scope of ZS' clients' needs, and ZS' products as outlined in this paragraph.

6.      Admitted upon information and belief.

7.     Admitted in part and denied in part.  Synygy admits that Plaintiffs provide compensation consulting, administration, and software services.  Synygy admits that compensation consulting, administration, and software services are a key element in directing and motivating a company's sales force through an efficient and accurate administration of incentives and goals.  To the extent the paragraph seeks to attribute the compensation software as the sole creation of Plaintiffs, the averment is denied.  Synygy is without sufficient information and/or knowledge to discuss the scope of Plaintiffs' services provided to other parties.

8.     Admitted.

9.     Admitted in part and denied in part.  Synygy admits that it was founded in 1991.  To the extent that averment seeks to disparage Synygy, it is denied.

10.     Synygy is without sufficient information and/or knowledge to affirm or deny the averments of this paragraph.

11.     Admitted in part and denied in part.  Synygy admits that Plaintiffs and Synygy are generally commercial competitors in the incentive compensation consulting, marketing, and software services field.  Synygy denies the remainder of the allegations as false as Synygy provides a wider array of services to a broader spectrum of customers than ZS has or can.  Synygy is without sufficient information and/or knowledge to affirm or deny the whether or not ZS provides services to companies also serviced by Synygy as ZS has failed to identify any such companies.

**JURISDICTION AND VENUE**

12.     Admitted in part and denied in part.  Synygy admits that Plaintiffs have asserted a claim under the Lanham Act.  Synygy admits, upon information and belief,

that Plaintiffs are citizens of Illinois and that Synygy is not a citizen of Illinois.  Synygy admits that Plaintiffs have alleged that the matter in controversy exceeds $75,000 exclusive of interest and cost.  To the extent the remainder of the allegations call for legal conclusions, they are denied.

13.     Admitted in part and denied in part.  Synygy admits they are a Pennsylvania corporation and the listed principle place of business is correct.  To the extent the remainder of the allegations call for legal conclusions, they are denied.

14.     Denied.  The paragraph calls for a legal conclusion.

## COUNT I:  DEFAMATION

15.     Synygy repeats its responses to Plaintiffs' Complaint as if set forth at length.

16.     Admitted.

17.     Admitted in part and denied in part.  Synygy admits that the contents of the paragraph are a portion of a press release issued on August 6, 2009.  The remainder is denied as Plaintiffs' have failed to include the entire release wording.

18.     Admitted in part and denied in part.  Synygy admits that, at the time the statement was made, Mark Stiffler was the President and CEO of Synygy.  To the extent the remainder of the allegations call for legal conclusions, they are denied.

19.     Denied.

20.     Denied.  The paragraph calls for a legal conclusion.

21.     Denied.

22.     Denied.  The paragraph calls for a legal conclusion.

23.     Denied.  The paragraph calls for a legal conclusion.

24.     Denied.  The paragraph calls for a legal conclusion.

25.     Denied.  The paragraph calls for a legal conclusion.

26.     Denied.  The paragraph calls for a legal conclusion.

27.     Denied.  The paragraph calls for a legal conclusion.

28.     Denied.  The paragraph calls for a legal conclusion.

29.     Admitted in part and denied in part.  Synygy admits that Plaintiffs are referred by name in the release and that the Amended Complaint was also referenced. Synygy is without sufficient information and/or knowledge to know what the mental impressions of individuals and companies who may or may not have read the press release think.  To the extent the remainder of the allegations call for legal conclusions, they are denied.

30.     Admitted in part and denied in part.  Synygy admits that a letter from Plaintiffs' was received in November 20, 2009.  The letter, which contained the opinions and allegations of Plaintiffs, call for legal conclusions and require no response here. Synygy denies the allegation that they have not taken down the release from their website.  To the extent the remainder of the allegations call for legal conclusions, they are denied.

31.     Denied.  The paragraph calls for a legal conclusion.

32.     Denied.  The paragraph calls for a legal conclusion.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.  The paragraph calls for a legal conclusion.

37.     Synygy is without sufficient information and/or knowledge to know what the mental impressions of individuals and companies who may or may not have read the press release think.  To the extent the remainder of the allegations call for legal conclusions, they are denied.

38.     Denied.  The paragraph calls for a legal conclusion.

39.     Denied.  The paragraph calls for a legal conclusion.

40.     Denied.  The paragraph calls for a legal conclusion.

41.     Denied.

## COUNT II:  COMMERCIAL DISPARAGEMENT

42.     Synygy repeats its responses to Plaintiffs' Complaint as if set forth at length.

43.     Denied.  The paragraph calls for a legal conclusion.

44.     Denied.  The paragraph calls for a legal conclusion.

45.     Denied.  The paragraph calls for a legal conclusion.

46.     Denied.  The paragraph calls for a legal conclusion.

47.     Denied.  The paragraph calls for a legal conclusion.

48.     Denied.  The paragraph calls for a legal conclusion.

49.     Denied.

## COUNT III:  VIOLATION OF THE LANHAM ACT

50.     Synygy repeats its responses to Plaintiffs' Complaint as if set forth at length.

51.     Denied.  The paragraph calls for a legal conclusion.

52.     Denied.  The paragraph calls for a legal conclusion.

53.   Admitted.

54.   Denied.  The paragraph calls for a legal conclusion.

55.   Denied.  The paragraph calls for a legal conclusion.

56.   Denied.  The paragraph calls for a legal conclusion.

57.   Admitted in part.  Synygy admits that their products and services travel through interstate commerce.  Synygy is without sufficient information and/or knowledge to opine as to Plaintiffs' sales range.

58.   Denied.

## AFFIRMATIVE DEFENSES

1.   Plaintiffs fail to state a claim upon which relief can be granted.

2.   Plaintiffs' claims are barred by the applicable statute of limitations.

3.   Plaintiffs' claims are barred because Synygy's actions were privileged under the law.

4.   Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, reliance, estoppel, and/or waiver.

5.   Plaintiffs' claims are barred by the doctrine of unclean hands.

6.   Plaintiffs' claims are barred under the Copyright Act and/or the doctrine of preemption.

7.   Plaintiffs' claims are barred because the complained of speech was not commercial in nature.

8.   Plaintiffs' claims are barred since the alleged statements are not defamatory in nature or commercially disparaging.

9.   Plaintiffs' claims are barred since the alleged statements are true.

10.    Plaintiffs' claims are barred and/or limited because they did not suffer any cognizable injury or damages.

11.    Plaintiffs have failed to plead special damages with particularity as required by Rule 9(g).

12.    Plaintiffs' claims are barred because the complained of speech is protected under the First Amendment of the Constitution.

13.    Plaintiffs' claims are barred because any injury, harm, or loss suffered by Plaintiff was the result of its own actions and/or omissions.

14.    Plaintiffs' claims are barred, in whole or in part, by Pennsylvania's Comparative Negligence Act and corresponding federal laws because they own actions and/or omissions helped to bring about their injuries.

15.    Plaintiffs are not entitled to injunctive relief because any alleged injury to Plaintiffs it not immediate or irreparable and Plaintiffs have an adequate remedy at law.

16.    Plaintiffs are not entitled to punitive damages under the Pennsylvania Punitive Damages Act and corresponding federal laws.

17.    Plaintiffs' claims are barred and/or limited in accordance with the Agreement Regarding Rule 19 Motion and Second Amended Complaint and the Stipulation entered in connection therewith.  See attached Exhibit A and B.

**WHEREFORE**, Defendant, Synygy, Inc., respectfully requests that this Honorable Court deny the relief requested by Plaintiffs' ZS Associates, Inc. and ZS Associates International, Inc. and grant Synygy fees, costs, interest, and any and all other forms of legal or equitable relief for defending this Complaint.

Respectfully submitted,

**SWEENEY & SHEEHAN**

By:   /s/ William M. Brennan
   Dennis L. Platt
   William M. Brennan
   Attorneys for Defendant
   Synygy, Inc.
   1515 Market Street
   19th Floor
   Philadelphia, PA 19102
   PHONE:  (215) 563-9811
Dated:  June 28, 2011   FAX:  (215) 557-0999